Alan M. Anzarouth
Attorney at Law
3111 Camino Del Rio North, Suite 1325
San Diego, CA 92108
    Tel. (619) 398-9390
    CA State Bar No. 84888

Attorney for Plaintiff

FILED
08 APR -4 AM 10: 38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Goktug Aktug    DHS File No. A71 642 814) <br>     Plaintiff,                                 ) <br>     vs.                                           ) <br> Paul Pierre, District Director,         ) <br>     U.S. Citizenship and Immigration Services, ) <br> Michael Chertoff,                   ) <br>     U.S. Secretary of Homeland Security, and ) <br> Michael Mukasey, U.S. Attorney General,   ) <br>     Defendants.                             ) | Civil No: <br><br> '08 CV 0618 J JMA <br><br> **COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS** |

Plaintiff, by his attorney, complaining of Defendants alleges as follows:

1.     The Defendant Paul Pierre is the Director of the U.S. Citizenship and Immigration Services (CIS), a subsidiary agency of the U.S. Department of Homeland Security (DHS), in San Diego, California. The Defendant is sued herein in his official capacity. The Defendant is responsible for the processing of joint petitions to remove conditions on residence, under 8 USC 1186a, et. seq., and 8 CFR 216, et. seq.

2.     Michael Chertoff is the Secretary of Homeland Security, an agency of the U.S. Government, in Washington, D.C. The Defendant is sued herein in his official capacity. The Defendant is responsible for overseeing the operations of the CIS, pursuant to 8 USC 1255, et. seq., and 8 CFR 245, et. seq.

3.     Michael Mukasey is the U.S. Attorney General, head of the United States Department of Justice, an agency of the United States Government, in Washington, D.C. He is the

chief law enforcement officer of the United States government. The Defendant is sued herein in his official capacity. The Defendant is responsible for the processing of security clearance checks conducted by the Federal Bureau of Investigation (FBI), which the CIS maintains must be completed before it can approve any application for adjustment of status under 8 USC 1255, et. seq., and 8 CFR 245, et. seq.

4. The Court has jurisdiction of this action pursuant to 28 USC 1331, 28 USC 1361, 28 USC §1391(e), 28 USC 1651, 5 USC §§551, et seq., 5 USC 701, et. seq., and 28 USC 2201, et. seq..

5. Plaintiff Goktug Aktug is a native and citizen of Turkey. On May 23, 2003, the Immigration Judge at San Diego, California, granted the adjustment of status of Mr. Aktug to that of a conditional lawful permanent resident (CLPR) of the United States, based upon his marriage to his U.S. citizen spouse, Mary Katsuko Casey. Pursuant to the U.S. immigration laws, that CLPR status was to expire on May 23, 2005. On March 14, 2005, prior to the expiration of such status, Mr. Aktug and his spouse timely filed with the U.S. Citizenship and Immigration Service (CIS) a Form I-751 Joint Petition to Remove Conditions on Residence based upon the assertion that he and his wife had filed the petition based upon their continuing marriage.

6. Although more than three years have passed since the Plaintiff filed the joint petition with the government, the CIS has failed to adjudicate the joint petition or even interview the Plaintiff and his spouse regarding the bona fides of their marriage. The Plaintiff has inquired, physically in person, in writing, and telephonically of the CIS as to why the government has failed to adjudicate the petition or schedule the parties for an examination on such joint petition. The CIS has advised the Plaintiff either that the joint petition is being processed or that the government has to perform additional review on the case. As long as 18 months ago, the government has

acknowledged that the Plaintiff's case has taken a longer processing time than similarly-filed cases.

7. The CIS approval of the referenced joint petition would remove conditions from the Plaintiff's adjustment application would result in the Plaintiff receiving unconditional lawful permanent resident status in the United States that would be valid for a period of ten years from the date of such approval.

8. On August 30, 2007, the Plaintiff filed with the CIS a Form N-400 application for naturalization, pursuant to 8 USC §1430(a). On January 10, 2008, Mr. Goktug provided his biometric fingerprints to the CIS at a scheduled appointment. On this occasion, the FBI fingerprint results showed that the Plaintiff had never been arrested or convicted of any crime anywhere in the world.

9. To date, the CIS has failed to examine the Plaintiff on his naturalization application, although other naturalization applicants who filed such applications after the Plaintiff have already been examined and approved for naturalization.

10. On February 12, 2008, the Plaintiff authorized Congresswoman Susan A. Davis to inquire of the CIS why that agency had failed to adjudicate both the Plaintiff's Form I-751 Joint Petition and N-400 Application for Naturalization. Although nearly two months has passed since the Plaintiff authorized a congressional inquiry in these matters, Ms. Davis' office has yet to provide any reasonable justification for further delay in the adjudication of either of the Plaintiff's pending matters.

11. Defendant Pierre has been unable or unwilling to adjudicate either Plaintiff's joint petition or application for naturalization. Further, his office has failed to meaningfully disclose the status of either case or the nature of any review, investigation, or processing that the CIS is conducting in these matters. Further, Defendants Pierre, Chertoff, and Gonzales are taking no

action on Plaintiff's joint petition or application, even though similar cases have been completed expeditiously.

12. Plaintiff has exhausted all available administrative remedies.

13. The Defendants' refusal to act in this case is, as a matter of law, arbitrary, and not in accordance with the law.

14. Plaintiff has been greatly damaged by the failure of the each Defendant to act in accord with his respective duties under the law.

15. The Defendants, in violation of the Administrative Procedures Act, 5 USC 701, et seq., have unlawfully withheld or unreasonably delayed action with Plaintiff's joint petition and application, and have failed to carry out the adjudicative and administrative functions delegated to them by law and regulation with regard to Plaintiff's cases.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Order the Defendants to have their agents process these cases to a conclusion;

B. Order that the Defendants pay reasonable attorney fees; and

C. Order other and further relief as it may deem proper under the circumstances.

DATED:   April 1, 2008

ALAN M. ANZAROUTH
Attorney for Plaintiff

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
               SAN DIEGO DIVISION

            #  149408      -  SH

             April 04, 2008
                10:37:21


            Civ Fil Non-Pris
         USAO #.: 08CV0618
         Judge..: NAPOLEON A JONES, JR
         Amount.:              $50.00 CK
                              $300.00 CA
         Check#.: BC2404



            Total->   $350.00


         FROM: AKTUG V. PIERRE ET AL
```

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Goktug Aktug

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan M. Anzarouth, 3111 Camino Del Rio North, Suite 1325, San Diego, CA 92108 (619-398-9390)

## DEFENDANTS
Paul Pierre, District Director, U.S. Citizenship and Immigration Services, Michael Chertoff, U.S. Secretary of Homeland Security,

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): '08 CV 0618 J JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 USC §§1186a, 1255, 28 USC §§1331, 1361, 1391(e), 1651, and 2201

Brief description of cause:
US CIS/DHS has failed to adjudicate Plaintiff's joint petition to remove conditions & naturalization application

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/04/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 149408  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Sel 4/4/08